## CHARLES M. SAUM v. G. B. LA SHELL.

TENDER, *Not Kept Good — No Offer to Confess Judgment — Judgment for Costs, Not Error.* The plaintiff commenced an action before a justice of the peace for $160. The defendant immediately tendered to the plaintiff $35, and afterward filed a bill of particulars, neither admitting nor denying the plaintiff's claim nor asking judgment for any amount, but showing a claim in his own favor and against the plaintiff for $65. The case was afterward taken to the district court on appeal and was there tried before the court and a jury, and a verdict was rendered in favor of the plaintiff and against the defendant for $26.25. The defendant then filed a motion asking that because of the aforesaid tender all the costs made in the case after the return of the summons in the justice's court should be taxed against the plaintiff, which motion was overruled by the court, and judgment was then rendered in favor of the plaintiff and against the defendant for the amount of the verdict and for costs of suit. *Held,* That as it was not shown that the tender was kept good or that any offer was ever made by the defendant to confess judgment for any amount, no error was committed by the trial court in overruling the defendant's motion and in rendering the aforesaid judgment for costs.

*Error from Norton District Court.*

THE opinion states the case.

*J. R. Hamilton,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace of Norton county by G. B. La Shell against Charles M. Saum, in which the plaintiff by his bill of particulars claimed $160. The defendant filed a bill of particulars in which he neither admitted nor denied anything stated in the plaintiff's bill of particulars, but showed a claim against the plaintiff and in his own favor for $65. The case, after passing through the justice's court and by appeal into the district court, was tried before the court and a jury, and a verdict was rendered in favor of the plaintiff and against the defendant for $26.25. The defendant then filed a motion asking that all the costs made in the case after the return of the summons in the justice's court should be taxed against the plaintiff, for the reason that after the issuing of the summons the defendant had tendered to the plaintiff an amount greater than the amount of the verdict and the costs which had accrued at the time of the tender, and also that he had offered in writing to confess judgment for that amount, which tender and offer the plaintiff refused, which motion was overruled by the court, and judgment was then rendered in favor of the plaintiff and against the defendant for the amount of the verdict and for costs of suit; and afterward the defendant, as plaintiff in error, brought the case to this court.

The only question presented to this court for consideration is, whether the court below erred or not in rendering judgment for costs against the defendant. We cannot say that any such error was committed. It does not appear that the defendant ever offered in writing or otherwise to confess judgment in favor of the plaintiff and against himself for any amount, or that he was even willing to do so, or that

either the justice of the peace or the district court ever had any notice that any tender was ever made until on the trial in the district court, when the tender was disclosed and brought to light by the defendant's evidence.　It appears from the defendant's evidence introduced on the trial in the district court, that at the time of the service of the summons in the justice's court the defendant tendered to the plaintiff the sum of $35, but it does not appear that he kept this tender good. It does not appear that he brought the amount tendered or any amount into court or that he offered to do so, or that the fact of the tender was at any time prior to the trial in the district court brought to the attention of either the justice of the peace or the district court, and probably it was not.　In the justice's court he filed a bill of particulars in which it would seem that he claimed $65 as against the plaintiff, and did not admit that he owed the plaintiff anything.　Under such circumstances, it cannot be held that the court below erred in rendering judgment against the defendant for the costs which accrued in the case.

The judgment of the court below will be affirmed.

All the Justices concurring.